# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District<br>FOR PUERTO RICO | |
|---|---|---|
| Name of Movant<br>RICARDO GUILBE | Prisoner's No.<br>14483-069 | Docket No.<br>3:97CR052-002(DRD) |

Place of Confinement

Federal Correctiona Complex-Coleman II; PO BOX 1034 Coleman, FL 33521

(Include name upon which convicted)

UNITED STATES OF AMERICA      V     RICARDO GUILBE

(Full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  UNITED STATES DISTRICT COURT FOR PUERTO RICO

2. Date of judgement of conviction  NOVEMBER 17, 1998

3. Length of sentence  LIFE PLUS 5 YEARS

4. Nature of offense involved (all counts)  TITLE 18 USC §§2119 & 924(c)

5. What was your plea? (Check one)
    (a) Not guilty       ☒
    (b) Guilty           ☐
    (c) Nolo contendere  ☐

6. Kind of trial: (Check one)
    (a) Jury         ☒
    (b) Judge only   ☐

7. Did you testify at trial?
    Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
    Yes ☒  No ☐

RECEIVED & FILED
2007 DEC 18  AM 8: 46
CLERK'S OFFICE
US DISTRICT COURT
SAN JUAN, PR

9. If you did appeal, answer the following:

   (a) Name of court  UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

   (b) Result  MARCH 22, 2000

   (c) Date of Result  AFFIRMED.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?
    Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  N/A

        (2) Nature of proceedings  N/A
        N/A

        (3) Grounds raised  N/A

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☒

        (5) Result  N/A

        (6) Date of result  N/A

    (b) As to any second petition, application or motion, give the same information:

        (1) Name of Court  N/A

        (2) Nature of proceeding  N/A

        (3) Grounds raised  N/A

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☒

D. Ground four: ___N/A___

_____

_____

_____

_____

_____

Supporting FACTS (tell your story briefly without citing cases or law): ___N/A___

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: THE COURT OF APPEALS FAILED TO INVOKE JONES v. U.S., 526 US 277 (1999), AS AN INTERVENING CHANGE OF LAW AS MANDATED BY GRIFFITH v. KENTUCKY, 479 U.S. 314 (1987); and U.S. v. NACHTIGAL, 501 U.S.1 (1993).

14. Do you have any petition or appeal now pending in any court as to the judgement under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

    (a) At preliminary hearing ___PLEASE SEE DOCKET SHEET___

    (b) At arraignment and plea ___SAME ABOVE___

    (c) At trial ___SAME ABOVE___

    (d) At sentencing ___SAME ABOVE___

    (e) On appeal ___SAME ABOVE___

(f) In any post-conviction proceeding   NONE

(g) On appeal from any adverse ruling in a post-conviction proceeding   N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

    Yes ☒ No ☐

17. Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

    Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    N/A

    (b) Give date and length of the above sentence:   N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

    Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

_____
(date)

_____
Signature of Movant

    (5) Result   N/A
    (6) Date of Result   N/A

  (c) As to any third petition, application or motion, give the same information:
    (1) Name of Court   N/A
    (2) Nature of proceeding   N/A

    (3) Grounds raised   N/A




    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐
    (5) Result   N/A
    (6) Date of Result   N/A

  (d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☒
    (2) Second petition, etc.   Yes ☐ No ☒
    (3) Third petition, etc.    Yes ☐ No ☒

  (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:   INEFFECTIVE ASSISTANCE OF COUNSEL




12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b) Convictions obtained by use of coerced confession.
(c) Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Convictions obtained by a violation of the protection against self-incrimination.
(f) Convictions obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Convictions obtained by the violation of the protection against double jeopardy.
(h) Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: CONVICTION AFFIRMED BASED ON FRAUD ON THE COURT

Supporting FACTS (tell your story briefly without citing cases or law): In Jones v. U.S., 526 227 (1999) the U.S. Supreme Court held that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." In light of Griffith v Kentucky, 479 U.S. 314 (1987), Jones was decided after the district court proceedings, it is applicable here because the instant case was pending direct review. (Continue)

B. Ground two: N/A

Supporting FACTS (tell your story briefly without citing cases or law): N/A

C. Ground three: N/A

Supporting FACTS (tell your story briefly without citing cases or law): N/A
N/A

(Continuing Supporting FACTS on Ground one)

The Court of Appeals failed to invoke <u>Jones v. U.S.</u>, 526 US 227 (1999), as an intervening change of law, as mandated by <u>Griffith v. Kentucky</u>, supra. Accordingly, the Jones ruling nullified in the least the Movant's sentence, mandating the appellate court to vacate the sentence, and remand to the district court for a determination of whether the error could be cured by determining (1) whether to re-sentence Movant to the lesser offense; or (2) vacate the conviction and order a new trial.

The First Circuit in realizing that the Movant was going to either receive a lighter sentence (20 years verses life + 5) or that the Government would be forced to convict the Movant under a heightened standard of "proof beyond a reasonable doubt," chose instead, to committee "fraud upon the court" by violating both Jones, and Griffith in affirming lower courts' judgment.

Several Circuits have defined the elements of "fraud upon the court" as being:

1. On the part of an officer of the court;
2. That is directed to the "judicial machinery" itself;
3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth;
4. That is a positive averment or is concealment when one is under a duty to disclose; and
5. That deceives the court.

Both Jones and Griffith deal with issues governing the "judicial machinery." The Griffith case mandates that intervening changes in the law be addressed before res judicata is completed and Jones mandates that jury, not courts determines levels of guilt. Proof that Griffith points to the "judicial machinery" regarding intervening changes in law, the Ninth Circuit, responding to its reversal by the U.S. Supreme Court, see <u>U.S. v. Nachtigal</u>, 501 U.S. 1 (1993); where the Supreme Court

reversed the Ninth Circuit for failing to apply an "intervening change in the law." In <u>Miller v. Gammie,</u> 335 F.3d. 889-900 (9th Cir. 2003) (en banc); the said:

> 'We must...now address when, if even, <u>a district court</u> or a three judge panel is free to <u>reexamine the holding of a prior panel in light of an inconsistent decision by a court of last resort on a closely related,</u> <u>...issue.</u>
>
> Recently, we took a more flexible approach, where we recognized that circuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent Supreme Court decisions that "are closely on point," even though these decisions do not expressly overrule the prior circuit precedent. [Accordingly], "we may overrule prior circuit authority without taking the case en banc when an 'intervening Supreme Court decision undermines an existing precedent of the Circuit, and both cases are closely on point.'" See United States v. Nachtigal, 507 U.S. 1, 2-6, 122 L.Ed. 2d. 374, 113 S.Ct. 1072, (1993) (per curiam)( holding that the Ninth Circuit authority even though circuit authority was not expressly overuled); "[W]hen existing Circuit precedent has been undermined by subsequent Supreme Court decisions, this court may reexamine that precedent without the convening of an en banc panel." [We held] "that an intervening Supreme Court decision 'undercut the ...theory' of the Circuit decision."
>
> We hold that the issues decided by the higher court need not be identical in order to be controlling. Rather, the relevant court of last resort <u>must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the case are clearly irreconcilable...</u> [D]<u>istrict courts should consider themselves bound by the intervening higher authority and reject the prior opinion of</u> this court as having been effectively overruled.' [internal cites omitted; brackets & underlined by defendant for emphasis].

Moreover, in accordance with the above ruling, Jones in fact did make the petitioner's sentence and possibly his conviction irreconcilable, based on the fact that the judge, under a lesser Preponderance of the evidence" standard instead of the jury under the heighten standard "beyond a reasonable doubt" standard, adjudicated the petitioner guilty of the greater offense pursuant to §2119(3). Additionally, element (4) of "fraud upon the court," is invoked where

the panel had a duty to disclose and apply Jones; and instead, chose to conceal a deceive (element 5) the whole of the First Circuit by affirming the lower court decision. As such, the petitioner's claims warrants vacating the sentence and possible the conviction an convening an evidentiary hearing because the panel's action subverted the integrity of both the First Circuit and of this Court's authority to apply Supreme Court case law.  See <u>Pumphrey v. Thomason</u>, 62 F.3d 1128 (9th Cir. 1995), stated the following:

1. Fraud includes both attempts to subvert the integrity of the Court and fraud by an officer of the court;

2. It must involve an unconscionable plan or sheme which is designed to improperly influence the court decision;

3. The inquiry as to whether a judgment should be set aside for fraud upon the court under Rule 60(b), focuses not much in terms of whether the alleged fraud prejudiced the opposing party, but more in terms of the alleged fraud harms the integrity of the judicial;

4. See Hazel-Atlas at 246-47, holding that party who presented fraudulent evidence cannot disclaim its effectiveness after the fact.

The AEDPA nowhere purports to alter this "historic power of equity to set aside fraudulently begotten judgment," Chambers, 501 U.S. at 44 (quoting Hazel-At;as Glass Co v. Hartford-Empire Co., 322 U.S. 235, 245, 88 L.Ed. 1250, 64 S. Ct.997 (1944)), even assuming Congress has the power to do so. As such, as a matter of law, movant's conviction or sentence should be reversed.

B.  Section 2255 provides that a "1-year period of limitation" applies from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The court file and record reflect in this case, that the movant has moved the court to file a belated § 2255 Motion for extraordinary reasons, i.e., counsel never turned over the files and records to the movant after several requests. The Motion is still pending before the Court for a ruling. In support of that motion movant present the

following arguments that he is entitled to equitable tolling becuase (1) he did not have adequate access to his legal files & records; see declaration attached to Motion to file belated §2255 which declares that counsel never turned over the files and records to the movant and without those records, it is impossible for him to have filed a Section 2255 motion within one year; and (2) these circumstances made it impossible for him to file a §2255 motion within one year.

C.   Evidentiary Hearing

Movant argues that if the Court does not find he is entitled to equitable tolling, it should hold an evidentiary hearing on these issues.  Movant argues that his Motion should not be barred by the statute of limitations, because he had no knowledge of the court of appeals affirming his direct appeal without his attorney notifying of the decision of the court.  Counsel also failed to notify the court of appeals of the intervening change of law, pursuant to Jones v. U.S., 526 US 227 (1999), which would have made the out come of the direct appeal to be different.  Counsel failed to seek certiorari, based on Jones, or notify Movant of the "intervening change of law" pursuant to Griffith v. Kentucky, 479 U.S. 314 (1987), as a matter of law.  The same as counsel failed to advise the court of appeals, counsel also failed to provide movant with a copy of the appellant's opening brief, or a copy of the government's brief, or a copy of the reply brief if any, or the decision of the court of appeals.  Counsel also failed to advise movant of any time limitations with respect to the filing of a §2255 motion. Based on the above facts, the court should hold an evidentiary hearing.

## CONCLUSION

Given the above arguments and citation of authority, movant respectfully urge this Honorable Court to review the merits of his claims and vacate the judgment of conviction or sentence.

DATED: 11/29/07

Respectfully submitted,

RICARDO GUILBE